DRUSILLA G. PARKER *vs.* LLEWELLYN F. MURCH.

*Amendment.  Deed—construction of trust declared by R. S., c.* 104, §§ 3, 8 *and* 10.

The whole of an instrument declaring a trust must be considered in determining the nature and terms of the trust; and where in the granting part of a deed, a trust unlimited in time is declared, but there is a qualification inserted at the close of the description of the premises limiting the duration of the trust, the latter clause must be construed as a limitation of the general words first employed.

By the deed under which the demandant claims title, she was to hold the whole estate in trust during the life of John L. Murch, and only her thirds after his decease.  In this action instituted after his death, she claims the whole estate, and is held not entitled to recover it under said deed, nor to recover her undivided third of it, under R. S., c. 104, § 10, because she has not "set out the estate claimed," as required by §§ 3 and 8 of that chapter, having demanded the fee, while entitled only for life; but she is permitted on terms, to so amend her declaration as to demand that only to which she is entitled.

Parker *v.* Murch.

On exceptions.

Writ of entry to recover land the title to which was formerly in William Murch, who conveyed it on the fourth day of May, 1863, to the demandant, then Drusilla G. Sadler, by deed of that date, in which he gives, grants, bargains, sells and conveys the same to her "during her natural life and to hold in trust for her son, Charles A. Sadler," and for the ten children of John L. Murch, who are mentioned by name, "any other children that may be born to her and said Murch, and for the support of said Murch, the heirs and assigns forever." Then follows the description at the close of which is this clause : "meaning and intending hereby to convey to the said Drusilla, for her own and the support of John L. Murch during their natural lives, the two first parcels of land conveyed to me by the said John L. Murch, November 1, 1856, and to descend in equal shares to all the children said Drusilla and said Murch shall leave at their decease of the said John, and in such case said Drusilla is to have her thirds only. To have and to hold the aforementioned premises," &c. . . . "to the said Drusilla G. Sadler, for herself, and in trust as aforesaid, and to her heirs and assigns, their use and behoof forever."

There was no issue of the marriage between the demandant and John L. Murch, who died two years before the commencement of this action. The tenant claimed possession as guardian of some of the children mentioned in the deed. The cause was referred to the presiding justice, who ordered judgment for the demandant, to which the tenant excepted, the right to except having been reserved.

*George S. Peters* for the tenant.

*Hale & Emery* for the demandant.

Danforth, J. The question involved in this case is the right to the possession of two lots of land conveyed to the plaintiff by William Murch by deed dated May 4, 1863, and depends upon the construction to be given to the language used in that deed. The plaintiff claims as grantee, and the defendant is guardian of

one or more of the children named therein. The grant is thus stated: "have given, granted, bargained, sold and conveyed, and do hereby give, grant, bargain, sell and convey unto the said Drusilla G. Sadler during her natural life, and to hold in trust for," . . . "and for the support of said Murch." At the close of the description we find these words, "meaning and intending hereby to convey to the said Drusilla for her own and the support of John L. Murch during their natural lives . . . and to descend in equal shares to all the children said Drusilla and said Murch shall have at (their?) decease of the said John, and in such case said Drusilla is to have her thirds only," and in the habendum the words, "to have and to hold the aforementioned premises with all the privileges and appurtenances thereunto belonging to the said Drusilla G. Sadler for herself and in trust as aforesaid and to her heirs and assigns to their use and behoof forever." This is all the language in the deed bearing upon the question at issue, and for the purpose of ascertaining the meaning of the grantor, must all be taken together.

Thus construed it will appear that the premises are conveyed to the grantee during her life, coupled with a trust for certain children and the support of the father. In this connection the duration of the trust estate is not limited. Subsequently this trust is limited. At the decease of the said Murch the land is to descend in equal shares to the children, for whose benefit the trust was in part created, and the said Drusilla was then to have "her thirds only." The trust then must necessarily cease at the death of the father, for subsequent to that event the land must go to the children with the exception of the one-third interest which was reserved to "the said Drusilla." No other construction can be given to the deed unless we strike these words from it, while with it that which goes before as well as that which comes after may have its proper meaning. In the first and last clause quoted the grant is coupled with the trust and when the trust ceases, the grant must cease also. Both the grant to her during life and to her and her heirs and assigns must cease with the trust, for she could hold only her thirds in no other way than in trust. There

is no language which necessarily shows that the plaintiff was to hold beyond the life of "said Murch." The result is that by the deed the plaintiff would hold the premises for her own and said Murch's support during their joint lives, and at his decease her interest except her third, and the trust must cease, and the land descend to the children. Murch has deceased. The plaintiff therefore has no such interest in the land as will enable her to maintain this action in its present form. Still under the deed she has an interest which she, no other facts appearing than are now before us, would be entitled to recover, with the necessary amendments to her writ.

When the land descended to the children, in the language of the deed she is to have "her thirds only." This must be understood as an estate in the nature of dower. It cannot be dower because the husband was not seized in fee during coverture. She then so far as now appears has a life estate in an undivided third part of the demanded premises. In her writ she demands a fee, and though by R. S., c. 104, § 10, a demandant may recover an undivided portion of that which is claimed, yet by §§ 3 and 8 of the same chapter the estate claimed must be set out and the recovery if any, must be according to the allegations. It is however competent for the court upon motion, and upon such terms as may be reasonable to allow the necessary amendment to the plaintiff's writ. *Howe* v. *Wildes,* 34 Maine, 566 ; *Hamilton* v. *Wentworth,* 58 Maine, 101. *Exceptions sustained.*

Appleton, C. J., Virgin, Peters and Libbey, JJ., concurred.